

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00332-CV

———————————————

QBE INSURANCE CORPORATION, Appellant

V.

PROPERTY DAMAGE APPRAISERS, INC., Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-330226-21

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

Appellant has filed a petition for permissive interlocutory appeal, and it contends that the trial court ruled on a "controlling question of law" when it granted Appellee's motion for partial summary judgment. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)(1); Tex. R. App. P. 28.3(a), (e)(4); *see* Tex. R. Civ. P. 168. The question presented for our review is "[w]hether amounts an insured is obligated to pay which are 'restitutionary in nature' are uninsurable under Texas law." But it is not clear that the trial court actually reached and ruled on this question.

In the insurance dispute below, Appellant—a liability insurance provider—asserts that Appellee—its insured—seeks indemnification for "restitutionary" payments Appellee made to a third party and that Texas law prohibits insurance coverage for such "restitutionary" payments.[1] Appellee anticipated this argument when it moved for partial summary judgment on the coverage issue, and it countered that "the [relevant payments to a third party] were 'expectancy' or 'benefit of the bargain damages,' not 'restitution.'" Furthermore, Appellee argued, even if the relevant payments were "restitutionary in nature," Texas law does not consider such payments uninsurable.

The trial court granted Appellee's motion for partial summary judgment, and—crucially—it expressly "decline[d] to limit [its] decision and Order to a particular

---

[1]The parties' insurance policy excludes amounts "not insurable under the law."

ground or grounds." The summary judgment order could be based on Appellee's primary argument that the payments were not "restitutionary," or it could be based on Appellee's alternative argument that Texas law does not prohibit insurance coverage for "restitutionary" payments. *Cf. Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003) (recognizing that if "the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious").

The trial court later amended its order to authorize this permissive appeal on the question of "[w]hether amounts an insured is obligated to pay which are 'restitutionary in nature' are uninsurable under Texas law." And both the trial court and Appellant characterize this question as "controlling."[2] But the trial court need not have reached this question in granting Appellee's motion for partial summary judgment, so it is not clear that the trial court ruled on the issue at all. *Cf. El Paso Tool & Die Co. v. Mendez*, 593 S.W.3d 800, 801–02, 805–09 (Tex. App.—El Paso 2019, no pet.) (concluding permissive appeal was improvidently granted because "it [wa]s not

---

[2]The trial court's order authorizing this permissive appeal explained the significance of the allegedly controlling issue by stating that "if the controlling issue of law is resolved in [Appellant's] favor, i.e., an amount an insured is obligated to pay that is 'restitutionary in nature' is uninsurable under Texas law, then [Appellee's] primary claim, breach of contract, will be dismissed as a matter of law."

clear that the trial court applied the wrong legal test" as appellant argued, nor was it clear that the case or summary judgment ruling turned on the legal issue presented).

Because the record is ambiguous as to whether the trial court reached—much less ruled on—the question presented for our review, and because "permissive appeals should be limited to those cases where we can resolve controlling legal issues *necessary to the resolution of the case*," *id.* at 809 (emphasis added), we deny Appellant's petition for permissive interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: August 29, 2022

4